UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| UNITED STATES OF AMERICA, | 3:18-CR-30074-RAL |
|---|---|
| Plaintiff, | |
| vs. | OPINION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |
| IRAN SMALL BEAR, | |
| Defendant. | |

Defendant, Iran Small Bear, filed a pro se motion for compassionate release. Doc. 51. Pursuant to the Amended Standing Order 20-06, his case was categorized as Intermediate Priority. Doc. 52. The Federal Public Defender for the Districts of South Dakota and North Dakota (FPD) filed a supplement to Small Bear's motion presenting additional evidence and arguments. Doc. 55. The United States opposed the motion. Doc. 56. The FPD has replied. Doc. 57. For the following reasons, this Court denies Small Bear's motion for compassionate release.

I. **Background**

On March 18, 2019, Small Bear pleaded guilty to two counts of abusive sexual contact. Docs. 35, 40. On June 17, 2019, this Court held a sentencing hearing in Small Bear's case and imposed a custody sentence of 24 months on each count to run consecutively, followed by five years of supervised release to run concurrently. Docs. 49, 50 at 2–3.

Small Bear's conviction resulted from sexually assaulting his stepdaughter, A.B. Doc. 46 at ¶¶ 4–6. Between July 27, 2016, and April 19, 2018, there were multiple occasions in which Small Bear went into A.B.'s bedroom while she was lying in bed and rubbed her buttocks and touched her breasts. Doc. 46 at ¶ 4. More than once, Small Bear put A.B.'s breasts inside his mouth and his hand inside A.B.'s shorts, attempting to touch her vagina with his fingers. Doc. 46

1

at ¶ 4. The final time occurred on April 19, 2019. Doc. 46 at ¶ 4. After Small Bear left her room, A.B. woke up her brother and called her mother, who in turn called law enforcement. Doc. 46 at ¶ 4. Law enforcement arrested Small Bear early the next morning. Doc. 46 at ¶ 4. At all relevant times, A.B. was a minor, and she turned 16 years old on July 27, 2017. Doc. 46 at ¶ 4. Small Bear was approximately 36 or 37 years old at the time of the offenses. Doc. 46 at ¶ 4.

Under the sentencing guidelines, Small Bear's total offense level was 19 and he fell into criminal history category I. Doc. 46 at ¶¶ 30, 34. The advisory sentencing guideline range for Small Bear's conduct was 30 to 37 months of imprisonment on each count. Doc. 46 at ¶ 62. However, the government and Small Bear entered into a plea agreement in which both parties agreed to jointly recommend a total of four years imprisonment on both counts. Doc. 46 at ¶ 64. Consistent with the joint recommendation of counsel, this Court sentenced Small Bear to a total of four years in custody followed by a five-year period of supervised release. Docs. 49, 50 at 2–3.

Small Bear is currently incarcerated at USP Marion, a medium security facility in Marion, Illinois. Doc. 53 at 247; see also Find an Inmate, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 29, 2021). Small Bear's projected release date is July 12, 2022. Doc. 53 at 251. Small Bear is 40 years old. Doc. 53 at 250.

In early 2020, a novel coronavirus, COVID-19, quickly spread across the United States and infiltrated correctional institutions. The Centers for Disease Control and Prevention (CDC) has identified certain underlying health conditions that put individuals at higher risk for a severe form of the illness if they contract the disease. Among those at higher risk are individuals with cancer, chronic kidney disease, obesity, serious heart conditions, sickle cell disease, type 2

2

diabetes, and several others. See People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Mar. 13, 2021) (last visited June 29, 2021).

Small Bear filed a motion for compassionate release arguing his medical conditions justify a reduction in his sentence. Doc. 51 at 1. Small Bear contends that his type 2 diabetes, his weight, and his history of smoking increase his risk of developing serious complications from contracting COVID-19. Doc. 55 at 5. As such, Small Bear argues that there are extraordinary and compelling circumstances warranting release in the face of the COVID-19 pandemic and the conditions of his incarceration. Doc. 55 at 1. If released, Small Bear intends to live in Mission, South Dakota, with his father and mother. Doc. 55 at 14.

## II. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed," except in a few, narrow circumstances. 18 U.S.C. § 3582(c). The compassionate release statute as amended by the First Step Act of 2018 provides one of those narrow avenues through which a sentence may be modified. The compassionate release statute provides in pertinent part that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

18 U.S.C. § 3582(c)(1)(A). "The district court has broad discretion in determining whether proffered circumstances warrant a reduction in sentence." United States v. Loggins, 966 F.3d 891, 892 (8th Cir. 2020). Ultimately, the defendant bears the burden of establishing that a sentence reduction is warranted. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### III. Discussion

Small Bear submitted a request for compassionate release to the warden of his institution on February 27, 2021. Doc. 51 at 2; Doc. 53 at 1. More than thirty days have elapsed since Small Bear submitted his request. Doc. 55 at 3. The government does not contest administrative exhaustion. See Doc. 56 at 2. Therefore, this Court may entertain Small Bear's motion directly.

In determining whether compassionate release is justified, this Court must consider the sentencing factors in 18 U.S.C. § 3553(a), determine whether "extraordinary and compelling reasons" warrant a sentence reduction, and evaluate whether a sentence reduction is consistent with the Sentencing Commission's applicable policy statements. See 18 U.S.C. § 3582(c).

Congress directed the Sentencing Commission to describe and provide examples of what constitutes "extraordinary and compelling" reasons with respect to the compassionate release statute. 28 U.S.C. § 994(t). The Sentencing Commission provided such examples in the commentary to United States Sentencing Guideline § 1B1.13. Those reasons include the defendant's terminal illness or debilitating physical or mental condition, the defendant's age in combination with the proportion of his sentence served, and certain family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The Sentencing Commission also included a "catch all" provision which allows one to find "extraordinary and compelling" reasons other than those specifically listed "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 cmt. n.1(D).

4

Since the First Step Act was passed, the Sentencing Commission has not updated its policy statement because it has lacked a quorum. As a result, district courts have questioned whether the policy statement still applies and whether courts may consider other "extraordinary and compelling" reasons under the "catch all" provision. See United States v. Mondaca, No. 89-CR-0655 DMS, 2020 WL 1029024, at *3 (S.D. Cal. Mar. 3, 2020) (discussing the discord among district courts); United States v. Spears, No. 98-0208-SI-22, 2019 WL 5190877, at *3 (D. Or. Oct. 15, 2019) (same); United States v. Brown, 411 F. Supp. 3d 446, 449–50 (S.D. Iowa 2019) (same). Many district courts have concluded that the discretion given to the Director of the BOP by the Sentencing Commission extends to federal judges and allows them to consider "extraordinary and compelling reason[s] other than" those specifically described. United States v. Condon, 458 F. Supp. 3d 1114, 1118 (D.N.D. 2020) (listing cases that found federal judges may apply the "catch all" provision of U.S.S.G. § 1B1.13 comment note 1(D)). The United States Court of Appeals for the Eighth Circuit has not yet addressed this issue. See United States v. Vangh, 990 F.3d 1138, 1141 n.3 (8th Cir. 2021); Loggins, 966 F.3d at 892; and United States v. Rodd, 966 F.3d 740 (8th Cir. 2020).

Small Bear argues primarily that he qualifies for release under the "catch all" provision of U.S.S.G. § 1B1.13 comment note 1(D), but argues in the alternative that he would qualify under comment note 1(A)(ii). The "catch-all" provision of U.S.S.G. § 1B1.13 comment note 1(D) is the broadest provision, indicating that compassionate release may be warranted when "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."[1] U.S.S.G. § 1B1.13 cmt. n. 1(D). Whether

---

[1] Comment note 1(A) provides in relevant part that "extraordinary and compelling" reasons may exist if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of

5

"extraordinary and compelling reasons" exist to warrant compassionate release in a particular defendant's case is a highly individualized assessment. See United States v. Amarrah, 458 F. Supp. 3d 611, 618 (E.D. Mich. 2020).

Small Bear argues that his underlying health conditions combined with the increased risks he faces if he contracts COVID-19 establish an "extraordinary and compelling" reason under the "catch-all" provision or alternatively under Comment note 1(A). Small Bear has Type 2 diabetes, obesity, and a history of smoking. Doc. 53 at 3, 39; Doc. 54 at 81. The CDC recognizes that Type 2 diabetes, obesity, and smoking are conditions that can make you more likely to get severely ill from COVID-19. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited June 29, 2021). However, Small Bear has already had a case of COVID-19, and he suffered no severe complications and apparently has since recovered.[2] Doc. 53 at 39, 130–33.

The pertinent inquiry here is whether Small Bear is at risk for reinfection of COVID-19, and whether such a reinfection risk combined with Small Bear's existing conditions justifies compassionate release. This Court cannot quantify what Small Bear's risk of reinfection by the virus might be, but the CDC and other medical resources indicate such a risk is rare. According to the CDC, "[c]ases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (updated Oct. 27, 2020) (last visited June 29, 2021). There is a growing consensus that "[p]eople who have had evidence of a prior infection with SARS-CoV-2, the virus that causes COVID-19, appear to be well

---

a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

[2] Small Bear contends that he has not fully recovered because he has hot flashes and an irregular heartbeat. However, his medical records do not confirm that he suffers from such symptoms.

protected against being reinfected with the virus, at least for a few months." See NCI Study Finds that People with SARS-CoV-2 Antibodies May Have a Low Risk of Future Infection, Nat'l Cancer Inst., https://www.cancer.gov/news-events/press-releases/2021/sars-cov-2-antibodies-protect-from-reinfection (dated Feb. 24, 2021) (last visited June 29, 2021).

A retrospective cohort study of reinfection rates among persons who previously had COVID-19 was recently published by the Oxford University Press for the Infection Diseases Society of America. See Megan M. Sheehan et al., Reinfection Rates among Patients who Previously Tested Positive for COVID-19: A Retrospective Cohort Study, Oxford Univ. Press (2021), https://academic.oup.com/cid/advance-article/doi/10.1093/cid/ciab234/6170939 (last visited June 29, 2021). The authors of the study concluded that "previous infection appears to offer high levels of protection against symptomatic infection, as well as severe disease, for a least 8 months." Id. This developing body of scientific research leads this Court to conclude, to the best of current knowledge and understanding, that reinfection is rare and if reinfection does occur, the outcome is likely to be less severe.

The COVID-19 pandemic has impacted this country in extraordinary ways. However, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Small Bear is currently incarcerated at USP Marion. This Court is familiar with the precautions implemented by the BOP to protect inmates from COVID-19. See BOP Implementing Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 29, 2021). No measures are 100% effective, and COVID-19 continues to be a health concern in

correctional institutions as well as in the general public. As of June 29, 2021, USP Marion currently has zero active COVID-19 cases among inmates and zero active COVID-19 cases among staff. See BOP: COVID-19 Update, https://www.bop.gov/coronavirus/ (last visited June 29, 2021). The facility has reported two inmate deaths and 725 inmates and 61 staff have recovered from the illness. Id. The total population at USP Marion is 1,247 persons. https://www.bop.gov/locations/institutions/lat (last visited June 29, 2021). Assuming a static population, this means that 58% of the inmates at USP Marion have contracted COVID-19 and fewer than .1% have died as a result. USP Marion appears to be taking appropriate measures to treat and care for inmates who contract COVID-19.

Additional efforts are being undertaken by the BOP to address the current and future risk of COVID-19. The BOP has implemented a COVID-19 vaccination program. See https://www.bop.gov/coronavirus/ (last visited June 29, 2021). As of June 29, 2021, 197,661 doses have been administered systemwide. Id. At USP Marion, 140 staff and 828 inmates have been fully inoculated as of June 29, 2021. See Learn More About Vaccinations and View Individual Facility Stats, https://www.bop.gov/coronavirus/ (last visited June 29, 2021). According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

Id. Small Bear is among those vaccinated at USP Marion according to his own statements. Doc. 51 at 1; see also Doc. 53 at 43.

Small Bear has served approximately 53.7 % of his 48-month sentence. Doc. 53 at 251. The advisory guideline range was 30 to 37 months on each count. To give effect to the parties' joint recommendation, this Court imposed a sentence under the advisory guideline range,

sentencing Small Bear to only 24 months on each count to run consecutively. Overall, the original sentence of 48 months was chosen with care, considering Small Bear's and his community's needs and all of the other applicable 3553(a) sentencing factors. Despite the risks posed by COVID-19, this Court does not find "extraordinary and compelling reasons" to justify compassionate release under the First Step Act.

## IV. Conclusion and Order

Therefore, it is hereby

ORDERED that Small Bear's motion for compassionate release, Doc. 51, is denied.

DATED this 29th day of June, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE